NO. 7860                    STATE OF LOUISIANA

JOHN MIHALJEVICH

            VS              COURT OF APPEAL

MATO PARUN.                 PARISH OF ORLEANS.

## OPINION.

By his Honor John St. Paul.

Plaintiff claims $1180 for having "lodged and boarded x x defendant from March 14th 1912 to June 23rd 1915, at an agreed charge of $30 per month"; upon which defendant has paid nothing "although often called upon to do so and repeatedly promising to settle." Defendant denies the claim and alleges that plaintiff "never did demand payment of any board from him; but on the contrary, on March 16th 1916 an account was settled between plaintiff and defendant, that plaintiff was largely indebted unto defendant and that plaintiff thereupon executed and delivered to defendant his note for $672.41 payable ten months from date"; and that when said note matured, towit, January 16th 1917, defendant sued for the amount thereof, which plaintiff then paid.

The present suit was filed November 15th 1916, that is to say just two months before the aforesaid note matured.

### I.

Defendant also pleads the prescription of one year under C. C. 3534; but the plea is not well founded. Under the jurisprudence the prescription of one year does not apply to claims for board and lodging furnished by private persons, but only to the claims of "innkeepers and such other persons", that is to say, of such as make a business

of keeping inns and lodging houses. Plaintiff in this case was not engaged in such business. See Succ of Nitoh, 22 An 316; Succ of Newton, 33 An 621.

## II.

1. Plaintiff testifies that defendant boarded and lodged with him during the time claimed and under a distinct agreement with him to pay one dollar a day; that defendant failed to pay him only because he claimed to have nothing with which to do so until he should withdraw some money from a certain homestead; and that defendant denied the debt for the first time only on June 23rd 1915, when he ceased to board and lodge with him.

2. A woman who cooked for plaintiff testifies that she heard defendant ask plaintiff to "let him stay there and board, and x x x he was willing to pay one dollar a day", to which plaintiff had agreed; that defendant boarded and lodged with plaintiff regularly during the period claimed.

3. Defendant admits that he boarded with plaintiff, but denies that he was there by the month, towit, "sometimes I did not eat five times in the month". He denies that he lodged with plaintiff except for a few days in the beginning; afterwards he lodged in his own house. He admits that a dollar a day was reasonable for three meals a day when he he took them, but denies that there was any agreement about

the price. That on the contrary, he was willing and had expressed his willingness to pay whatever plaintiff should think fair; but that plaintiff and the partner whom he had at the beginning had refused to accept any compensation other than the remission of interest on some $3000 which the partners owed him as the purchase price of a general store which he had sold them; with which remission of interest and the services he rendered in and about the store, they declared themselves fully compensated for his board. That he and the two partners had settlements together at intervals, at which their accounts were adjusted, a balance struck, and the notes of the partners renewed for whatever they then owed. That he had protested that he was paying too little, but they had expressed themselves satisfied; that on one occasion he had voluntarily given them an extra $50 saying that he had occasionally brought friends to dine with him; which $50 the partners had refused to take but had turned over to plaintiff, who (after some hesitation) finally accepted it.

4. The testimony of the partner corroborates that of defendant in every particular; his testimony being also that the arrangements about the board were a concern of the partnership, and not of plaintiff individually as the plaintiff claims.

101

# III.

From the foregoing several things are to be noted, viz;

1. That plaintiff sues on a contract for $30 a month, but has offered evidence only of a contract for $1 a day. These may seem to be the same, but they are not; one being a contract by the month the other by the day. Under the former defendant would owe $30 for each month even if he had taken but a single meal in that month; under the latter he would only owe for as many days as he had taken meals (as to which there is no proof whatever)

2. That plaintiff sues upon, and has offered evidence of, an alleged contract with himself individually, and for a fixed price, entered into at the time the store was sold; and that the witnesses are two to two that no such contract was entered into.

3. That long after the partnership was dissolved and some nine months after defendant had ceased to board with him, plaintiff again renewed his note for the balance which he owed defendant; although defendant had denied the board debt at the time he left. That plaintiff again waited eight months more (or 17 months in all) to bring this suit; that is to say until within two months of the maturity of the note given by him.

We are therefore of opinion that plaintiff's claim should have been rejected, and for these reasons;

I. Praetermitting the technical point that one cannot recover at all upon a contract different from that sued upon, it is none the less clear that plaintiff could recover at most only one dollar for each day on which defendant actually took his meals; and there is no proof whatever on that point.

2. Whilst the number of witnesses is the same on both sides as to whether or not the alleged contract was ever entered into; nevertheless they are two to one that plaintiff made no claim under it before the partnership was dissolved, and it is certain that he took no steps to enforce it judicially until nearly five years after its inception, and nearly 13 months after its termination; nor yet until within two months of the time when his note would become due. These circumstances we think sufficient to throw the preponderance of evidence toward the negative.

3. The fact that nearly a year after defendant had ceased to board with plaintiff, the latter executed his note in favor of defendant with interest and attorney's fees, is evidence persuasive of a final adjustment of accounts between them; which adjustment should not be disturbed except upon the most convincing evidence of

103

fraud or error. "A note, due bill or acceptance may sufficiently show the admission of a balance to constitute an account stated", I Cyc 373, note 99. And "while an account does not operate as an estoppel, it is nevertheless the rule that a settled or stated account is conclusive in the absence of fraud, mistake or error; and the burden to impeach it by clear and convincing testimony rests upon him who on such grounds would escape its binding force". I Cyc 455, note 89. See also Southern Pacific Co vs Mc Millan Co, 8 Orleans App 14, and Succ of Labauve, 311 arn. 1187 (1192)

The judgment appealed from is therefore reversed, and it is now ordered that plaintiffs demand be rejected at his cost in both courts.